**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR FIERROS, | No. 14-56207 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-03839-SP |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Sheri Pym, Magistrate Judge, Presiding

Submitted May 4, 2016[**]
Pasadena, California

Before: W. FLETCHER and GOULD, Circuit Judges and LEMELLE,[***] Senior
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ivan L.R. Lemelle, Senior District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

Victor Fierros appeals the district court's judgment affirming the Commissioner of Social Security Administration's denial of his application for disability benefits and supplemental income under the Social Security Act. Fierros alleges disability due to severe anxiety and cognitive impairments. The Administrative Law Judge (ALJ) determined that Fierros can perform jobs that exist in significant numbers in the national economy.

Fierros contends that the ALJ could not legitimately reject the opinion of treating psychiatrist Dr. Khashayar while accepting the opinion of consultive examiner Dr. Gamboa, given that the doctors' findings were substantially similar. While Fierros contended in the district court that the ALJ improperly rejected Dr. Khashayar's opinion, this appeal is the first time he pursues the theory that the two doctors' opinions were so similar that the ALJ erred in accepting one while rejecting the other.

As a general rule, we do not consider an issue raised for the first time on appeal. *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). However, we have recognized three exceptions: 1) to prevent a miscarriage of justice; 2) when a change in law raises a new issue while an appeal is pending; and 3) when an issue is one of pure law and either does not depend on the factual record developed below, or the pertinent record has been fully developed. *Id.* None of these

exceptions applies here. Applying the rule on waiver does not create a miscarriage of justice, because Fierros had the opportunity to present his theory to the ALJ or to the district court. There has been no change in law. And Fierros has not presented a question of pure law, because his disagreement is based on the ALJ's treatment of the facts.

**AFFIRMED**.